JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Carol Schaffling | Daniel McPhillips, Bucks County Office of the Recorder of Deeds and County of Bucks |

**(b)** County of Residence of First Listed Plaintiff   Bucks County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Bucks County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ethan R. O'Shea and Gabriella T. Lacitignola   215-661-0400
Hamburg Rubin Mullin Maxwell & Lupin
375 Morris Rd., P.O. Box 1479, Lansdale, PA  19446

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*  and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights ☐ 830 Patent | ☐ 430 Banks and Banking ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark ☐ 880 Defend Trade Secrets | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:   42 Pa.C.S. § 1983

Brief description of cause:   Violation of plaintiff's civil rights under 42 Pa.C.S. § 1983

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE   7/28/2022

SIGNATURE OF ATTORNEY OF RECORD   *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #   _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 45 Fern Road, Southampton, PA  18966 _____

Address of Defendant: _____ 55 E. Court St., Doylestown, PA  18901 _____

Place of Accident, Incident or Transaction: _____ 55 E. Court St., Doylestown, PA  18901 _____

---

**RELATED CASE, IF ANY:**

Case Number: _____     Judge: _____     Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?     Yes ☐  No ☑

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?     Yes ☐  No ☑

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?     Yes ☐  No ☑

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?     Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is **not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 07/28/2022          _____ *(signature)* Must sign here          324415

*Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.**  *Federal Question Cases:*

1.  Indemnity Contract, Marine Contract, and All Other Contracts
2.  FELA
3.  Jones Act-Personal Injury
4.  Antitrust
5.  Patent
6.  Labor-Management Relations
7.  ☑ Civil Rights
8.  Habeas Corpus
9.  Securities Act(s) Cases
10. Social Security Review Cases
11. All other Federal Question Cases
    *(Please specify):* _____

**B.**  *Diversity Jurisdiction Cases:*

1.  Insurance Contract and Other Contracts
2.  Airplane Personal Injury
3.  Assault, Defamation
4.  Marine Personal Injury
5.  Motor Vehicle Personal Injury
6.  Other Personal Injury *(Please specify):* _____
7.  Products Liability
8.  Products Liability – Asbestos
9.  All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____ Gabriella Lacitignola _____, counsel of record *or* pro se plaintiff, do hereby certify:

☑  Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐  Relief other than monetary damages is sought.

DATE: 7/28/2022          _____ *(signature)* Must sign here applicable          324415

*Attorney-at-Law / Pro Se Plaintiff*          *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

CAROL SCHAFFLING                                    :        NO.:
45 Fern Road                                        :
Southampton, PA 18966                               :
                              Plaintiff,            :
                                                    :        JURY TRIAL DEMANDED
              vs.                                   :        TWELVE JURORS REQUESTED
                                                    :
DANIEL MCPHILLIPS,                                  :
Individually and as the Bucks County Recorder of Deeds :
55 E. Court Street                                  :
Doylestown, PA 18901                                :
                                                    :
and                                                 :
                                                    :
BUCKS COUNTY OFFICE OF                              :
THE RECORDER OF DEEDS                               :
55 E. Court Street                                  :
Doylestown, PA 18901                                :
                                                    :
and                                                 :
                                                    :
COUNTY OF BUCKS                                     :
55 E. Court Street                                  :
Doylestown, PA 18901                                :
                              Defendants.           :
_____

**COMPLAINT**

Plaintiff, Carol Schaffling, by her attorneys, Hamburg, Rubin, Mullin, Maxwell & Lupin,

P.C., hereby brings the above captioned cause of action and avers the following:

**PARTIES**

1.      Plaintiff, Carol Schaffling ("Schaffling"), is an adult individual living at 45 Fern

Road, Southampton, PA 18966.

2.      Defendant, Daniel McPhillips ("McPhillips"), is an adult individual and the current

Bucks County Recorder of Deeds with a regular place of business at 55 E. Court Street,

{03346415;v1 }

Doylestown, PA 18901. McPhillips is a party to this Complaint both individually and in his official capacity as employed by the County of Bucks.

3. Defendant, County of Bucks, is a governmental entity located at 55 E. Court Street, Doylestown, PA 18901.

4. Defendant, Bucks County Office of the Recorder of Deeds ("Recorder of Deeds"), is the keeper of Bucks County's historical documents and is located at 55 E. Court Street, Doylestown, PA 18901.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over the present matter pursuant to 28 U.S.C. § 1331 in that the present matter involves a civil action arising under a law of the United States.  This civil action is instituted pursuant to the Civil Rights Act, 42 U.S.C. § 1983.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2) as it is the judicial district in which the events giving rise to the present action occurred.

## PROCEDURAL HISTORY

7. In or about January 2018, Robin Robinson (hereinafter, "Robinson"), a registered Democrat, took office as the elected Bucks County Recorder of Deeds.

8. In or about February 2018, Robinson hired Plaintiff to manage the finance department of the Recorder of Deeds. Plaintiff is a registered Democrat,

9. During Plaintiff's employment with the Recorder of Deeds, Robinson sought re-election in 2021. In furtherance of Robinson's campaign, Plaintiff donated money and distributed cards to independent voters supporting Robinson.

10. In or about the September 2021, then-Second Deputy Recorder of Deeds, Steve Pizollo resigned from his position.

11.     Subsequently, Robinson promoted Plaintiff to Second Deputy Recorder of Deeds.

12.     Upon Plaintiff's promotion to Second Deputy Recorder of Deeds, Plaintiff satisfactorily performed the duties of her position, earning approximately $81,600.00 per year.

13.     In or about November 2021, Defendant McPhillips, a registered Republican, was elected Recorder of Deeds and subsequently took office on or about January 4, 2022.

14.     On or about March 2, 2022, Defendant McPhillips requested a meeting with Plaintiff and abruptly terminated her, separating her from employment effective March 3, 2022.

15.     Defendant McPhillips relayed to Plaintiff he was "going in a different direction" and that March 2, 2022 was her last day.

16.     Immediately after terminating Plaintiff, Defendant McPhillips hired Suzanne McCracken, a registered Republican, to replace Plaintiff as Second Deputy Recorder of Deeds.

17.     Just a few weeks prior to Plaintiff's termination, Defendant McPhillips praised Plaintiff's performance to Dianne Magee, former Solicitor for the Bucks County Recorder of Deeds.

18.     Defendant McPhillips terminated Plaintiff because of her political party affiliation and engagement in constitutionally protected activity, namely showing support for Robinson's re-election as Bucks County Recorder of Deeds.

19.     As a result of her sudden and unexpected termination by Defendants, Plaintiff has suffered financial loss, including lost compensation and benefits, and lack of full-time employment.

20.     As a result of her sudden and unexpected termination by Defendants, Plaintiff has yet to receive a payout of her accrued paid time off and other benefits, to which she is entitled.

## COUNT I
## Violation of Plaintiff's Civil Rights under 42 U.S.C.A. § 1983

21.     Plaintiff incorporates by reference herein paragraphs 1 through 20 as if more fully set forth herein.

22.     Under the color of state, county and/or municipal laws, statutes, ordinances, regulations, customs and/or usages, Defendants violated Plaintiff's civil rights in contravention of 42 U.S.C.A. § 1983 and the United States Constitution and amendments thereof.

23.     Plaintiff was a public employee when she engaged in constitutionally protected activities, including donating to Robinson's campaign for reelection and distributing cards to independent voters supporting Robinson, which invoked her First Amendment rights of freedom of speech and freedom of association.

24.     The ministerial, clerical duties of the Second Deputy Recorder of Deeds include, among other things, supervising fiscal staff in carrying out the fiscal responsibilities of the office; preparing payroll and executing personnel actions and managing monthly and annual budgets.

25.     Party affiliation is not an appropriate requirement for the effective performance of the duties of the Second Deputy Recorder of Deeds.

26.     Defendants recklessly, outrageously, and intentionally disregarded 42 U.S.C. § 1983 by terminating Plaintiff merely because of her political party affiliation and engagement in constitutionally protected activity.

27.     As a direct and proximate result of Defendants' unlawful actions, Plaintiff has suffered financial damages in the form of lost compensation and benefits, for which the Defendants are liable.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered in her favor and against Defendants and that Defendants be made to pay legal damages in excess of the statutory limits of arbitration, which damages shall include back pay, front pay, lost future earnings, consequential damages, costs, interest, attorneys' fees and punitive damages.

## COUNT II
## Wrongful Termination

28.     Plaintiff incorporates the allegations in paragraphs 1 through 27 above as if same were set forth at length herein.

29.     Defendants' actions in terminating Plaintiff for politically motivated reasons constitute a wrongful termination under Pennsylvania common law.

30.     Plaintiff was a public employee when she engaged in constitutionally protected activity, specifically donating to Robinson's campaign for reelection and distributing cards to independent voters supporting Robinson.

31.     Therefore, Plaintiff can invoke her First Amendment rights to free speech and association to support a claim of wrongful discharge under Pennsylvania law.

32.     Defendants recklessly and outrageously terminated Plaintiff merely because of her political party affiliation and engagement in constitutionally protected activity.

33.     As a direct and proximate result of Defendants' wrongful termination, Plaintiff has suffered damages in the form of lost income and benefits, for which the Defendants are liable.

**WHEREFORE,** Plaintiff respectfully requests that judgment be entered in her favor and against Defendants and that Defendants be made to pay legal damages in excess of the statutory limits of arbitration, which damages shall include back pay, front pay, lost future earnings, consequential damages, costs, interest, attorneys' fees and punitive damages.

Respectfully submitted,

HAMBURG, RUBIN, MULLIN,
  MAXWELL & LUPIN

By: _____
        ETHAN R. O'SHEA
        GABRIELLA T. LACITIGNOLA

        I.D. NOS. 69713, 324415
        375 Morris Road, P.O. Box 1479
        Lansdale, PA  19446
        215-661-0400
        eoshea@hrmml.com
        glacitignola@hrmml.com

Date:  July 28, 2022