IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CAROL SCHAFFLING | : | CIVIL ACTION |
| | : | |
| V. | : | |
| | : | |
| DANIEL MCPHILLIPS et al. | : | NO. 22-2968 |

MEMORANDUM

Bartle, J.                                                June 13, 2023

     This action is a fallout from the 2021 general
election for Bucks County Recorder of Deeds.  Defendant Daniel
McPhillips, a Republican, prevailed over then-incumbent Democrat
Robin Robinson.  McPhillips terminated plaintiff Carol
Schaffling, a registered Democrat, from her position as Second
Deputy Recorder of Deeds in early March 2022, two months after
he took office, and replaced her with Susan McCracken, a
Republican.  Schaffling alleges that McPhillips terminated her
in violation of her First Amendment rights due to her
registration as a Democrat and her support for Robinson's
candidacy.  Before the court is the motion of defendants
McPhillips, the Bucks County Office of the Recorder of Deeds,
and the County of Bucks for summary judgment pursuant to Rule 56
of the Federal Rules of Civil Procedure.

I

     Under Rule 56 of the Federal Rules of Civil Procedure,
summary judgment is appropriate "if the movant shows that there

is no genuine dispute as to any material fact and the movant is
entitled to judgment as a matter of law."  Fed. R. Civ. P.
56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 323
(1986).  A factual dispute is genuine if the evidence is such
that a reasonable factfinder could return a verdict for the
nonmoving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242,
247–48 (1986).  A factual dispute is material if it might affect
the outcome of the suit under governing law.  Id. at 248.

        The court views the facts and draws all inferences in
favor of Schaffling, the nonmoving party.  See In re Flat Glass
Antitrust Litig., 385 F.3d 350, 357 (3d Cir. 2004).  "The mere
existence of a scintilla of evidence in support of the
[nonmoving party]'s position will be insufficient; there must be
evidence on which the jury could reasonably find for [that
party]."  See Anderson, 477 U.S. at 252. "The plaintiff must
present affirmative evidence in order to defeat a properly
supported motion for summary judgment."  Id. at 257.  Such
evidence must be admissible.  Fed R. Civ. P. 56(c)(2).  If a
party fails to properly support an assertion of fact or fails to
properly address another party's assertion of fact, the court
may consider the fact undisputed for purposes of summary
judgment.  Fed. R. Civ. P. 56(e).

II

      The following facts are undisputed unless otherwise
noted.  The Bucks County Recorder of Deeds is an elected
official charged with recording deeds and collecting real estate
transfer taxes in the County.  This official administers an
office with 24 employees, including the First and Second Deputy
Recorders of Deeds.

      Plaintiff Carol Schaffling was hired as an assistant
office supervisor in the Office of the Recorder of Deeds in
February 2018, during Robinson's tenure.  Robinson promoted
Schaffling to the position of Second Deputy Recorder in October
2021.  Schaffling, a registered Democrat, is a longtime personal
friend of Robinson.  She donated $1,400 to Robinson's campaign.
She also filled out postcards in support of Robinson's candidacy
at her home and mailed them to independent voters.  According to
McPhillips, he was unaware that she was a registered Democrat or
that she had supported Robinson's campaign.  Her political
donation history was listed in publicly available campaign
finance records, although McPhillips testified at his deposition
that he had not reviewed the records of donations to Robinson.
McPhillips also said he was unaware of Schaffling's postcard
mailings.

      McPhillips was sworn in as the Recorder of Deeds on
January 4, 2022.  He did not reappoint the person who had served

under Robinson as First Deputy Recorder of Deeds.  On the day he took office, he "bonded"--that is, he issued bonds as to employees who handle money that insure against violations of duty--every employee who was responsible for handling money except for Schaffling.  He directed Suzanne McCracken, then a senior manager in the office, not to record Schaffling's bond in the office's electronic recording system because "he wanted to wait to swear her in."  At the time, McPhillips had not yet communicated with Schaffling.  The two first met to discuss Schaffling's job duties on January 10.  McPhillips eventually bonded Schaffling on January 14, and her bonding paperwork was filed in the electronic records ten days later.

By virtue of the job duties of the Second Deputy Recorder of Deeds, Schaffling had minimal interaction with McPhillips.  Most of their exchanges involved her asking him to sign documents.

McPhillips testified at his deposition that he struggled to "build rapport" with Schaffling.  At McPhillips's request, Schaffling attended a Bucks County Board of Commissioners meeting as well as a virtual meeting with an office vendor.  According to McPhillips, Schaffling "sat in the meetings with her arms crossed, and her body language [showed] that she did not really want to participate or get involved with it."

McPhillips never issued her any formal discipline nor
expressed any dissatisfaction with her performance.  At a
February 19, 2022 charity event, he told Dianne Magee, a former
Solicitor of the Bucks County Recorder of Deeds, that "Carol
Schaffling was doing a great job" and "gave . . . no indication
that there were any performance issues or any problems at all
with [her] work."  McCracken also testified that Schaffling had
"performed well."

McPhillips terminated Schaffling's employment several
weeks later at an afternoon meeting on March 3, 2022.
McPhillips told Schaffling that he was "going in a different
direction" but did not further elaborate.  McPhillips relayed at
this meeting that a replacement for Schaffling's position had
already been identified but would not disclose who it was.
Grace Deon, the Solicitor for the Recorder of Deeds, was also
present at the meeting.  She stated that plans to terminate
Schaffling had "been in the works for several weeks."
McPhillips testified at his deposition that he made the decision
to terminate Schaffling in "late February" 2022.

The next day after terminating Schaffling, that is,
March 4, 2022, McPhillips appointed Suzanne McCracken as
Schaffling's replacement.  McCracken has worked for Bucks County
for twenty years and had previously been a senior office manager
in the Office of the Recorder of Deeds.  McCracken was a

registered Republican at the time she replaced Schaffling.
According to McCracken, she is "not loyal to any particular
party." Although she was registered as a Republican prior to
2017, she switched her registration to Democrat that year "to be
on a level playing field" because she "knew that [Robinson,] the
Recorder of Deeds coming into office[,] was a democrat." In
November 2021 she re-registered as Republican so as "not to have
any strikes against [her]." McCracken sent an email to
McPhillips "welcoming [him] to the office" sometime after the
election, but otherwise the two had never met prior to
McPhillips assuming office. McPhillips maintains he first
learned that she was registered as a Republican after Schaffling
initiated this lawsuit.

McPhillips specified that after terminating
Schaffling, he posted the position "a few days" later. He said
he received multiple applications, including one that McCracken
purportedly submitted "through the County website." He also
testified that he interviewed McCracken in connection with her
application. Ultimately, he asserted that he decided to hire
McCracken "within a week" of Schaffling's termination.

This testimony is totally contradicted by other
evidence in the record. First, defendants confirmed in a
response to a document request that "the Second Deputy position
was not posted." Second, McCracken testified that McPhillips

offered her the newly vacant position over a phone call on March
3, 2022, the day of Schaffling's termination.  She was not asked
to submit an application and did not provide one.  Third, cell
phone records confirm that shortly before 5 p.m. that day, a
ten-minute call was placed from McPhillips's cell phone to
McCracken's cell phone.  Fourth, as mentioned above, Schaffling
testified that McPhillips stated at the March 3 meeting that he
had already found her replacement.

There is another critical discrepancy.  McPhillips and
McCracken both testified that they had not communicated prior to
McPhillips taking office, apart from McCracken's sending a
welcoming email to McPhillips shortly after the election.
However, cell phone records show that calls were placed from
McPhillips's cell phone to McCracken's cell phone on December 28
and December 29, 2021 for a combined duration of approximately
one hour.  McPhillips submits with his reply brief an affidavit
in which he asserts that he "forgot" about these phone calls
while testifying at his deposition and that the "sole topic of
the two conversations . . . was regarding the [electronic
recording] software system" used by the office.

III

Schaffling alleges that McPhillips violated her First
Amendment rights in violation of 42 U.S.C. § 1983 by terminating
her employment due to her political party affiliation as a

-7-

Democrat and her support for Robinson's campaign.[1]   The First
Amendment prohibits a public agency from discharging employees
based on their political affiliation if the employees serve in
positions that are "neither policymaking nor advisory."  Goodman
v. Pa. Tpk. Comm'n, 293 F.3d 655, 663 (3d Cir. 2002) (citing
Branti v. Finkel, 445 U.S. 507, 514–15 (1980)).

        Our Court of Appeals has established a burden-shifting
analysis to address allegations that a public employee was
terminated based on his or her political affiliation.  A
plaintiff must first establish a prima facie case by supplying
proof of three elements:  "(1) that the employee works for a
public agency in a position that does not require a political
affiliation; (2) that the employee engaged in a constitutionally
protected activity; and (3) that the employee's political
affiliation was a substantial or motivating factor in the
adverse employment decision."  Id. at 663–64.  If the plaintiff
establishes a prima facie case, the burden shifts to the
defendant to prove that it would have taken the same employment
action "even in the absence of the protected affiliation."  Id.
at 664.

_____

1.   Schaffling initially asserted in her complaint that
defendants were liable under Pennsylvania common law for
wrongful termination.  The parties have since stipulated to
dismiss that claim.

Defendants move for summary judgment solely on the ground that Schaffling has not established the third element of her prima facie case.  They assert that the undisputed material facts demonstrate that Schaffling has not shown that McPhillips had knowledge of her political affiliation as a Democrat.  They also contend that Schaffling cannot show that she was discriminated against based on her assistance with Robinson's 2021 general election campaign.

To establish that an employee's political affiliation or protected political activities were the substantial or motivating factors in her termination, the employee must produce evidence showing that the defendant knew of the plaintiff's political persuasion.  Id.  Said knowledge can be established through direct or circumstantial evidence.  E.g., Montone v. City of Jersey City, 709 F.3d 181, 192 (3d Cir. 2013) (citing Goodman, 293 F.3d at 674).

There is no direct evidence that McPhillips was aware that Schaffling was a Democrat or supported Robinson's reelection campaign.  However, Schaffling contends that there is sufficient circumstantial evidence from which a jury could infer that McPhillips had knowledge of these facts.  Viewing the facts in the light most favorable to Schaffling, the court agrees.

The week before McPhillips took office, he had two phone conversations for a total duration of approximately an

hour with McCracken, Schaffling's replacement, who had recently switched her registration to Republican so as "not to have any strikes against [her]."  McPhillips insists that these phone calls were only about the logistics of using the office's electronic recording system.  A juror could infer otherwise, especially given the other discrepancies between McPhillips's testimony and the other evidence in the record.

        At the same time, McPhillips approved the bonding paperwork on January 4, 2022 for every other recorder in his office except for Schaffling.  He said he was doing this because he "wanted to wait" to swear Schaffling in.  He made the decision to hold off on bonding Schaffling six days before he personally met with her.  The recording of Schaffling's bonding paperwork in the electronic recording system was delayed for three weeks after every other recorder's paperwork was recorded.  Furthermore, a juror could reasonably find McPhillips's reason for terminating Schaffling--that he was "going in a different direction"--was not true given the evidence showing that Schaffling had been satisfactorily performing her job duties.  Moreover, despite McPhillips's deposition testimony to the contrary, he did not publicly post the Second Deputy position after terminating Schaffling.  Instead, on the same day he terminated Schaffling, he informed McCracken that he would be appointing her to the Second Deputy role.  Finally, the court

notes that the Office of the Recorder of Deeds is a small office
with only 24 total employees.  This fact supports an inference
that others in the office were aware that Schaffling and
Robinson were allied, and that McPhillips learned of that fact
from someone else in the office.  McPhillips testified that he
was unaware of Schaffling's political history, but a juror could
choose to discredit that testimony.

On the totality of the circumstances, there are
genuine disputes of material facts.  There are sufficient facts
from which a juror could conclude that McPhillips was aware of
Schaffling's registration as a Democrat and support for
Robinson's campaign and that these were motivating factors in
his decision to terminate her.  Accordingly, the motion of
defendants Daniel McPhillips, the Bucks County Office of the
Recorder of Deeds, and the County of Bucks for summary judgment
pursuant to Rule 56 of the Federal Rules of Civil Procedure will
be denied.